IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| TIMOTHY FREDRICKSON (22005-026), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | Case No. 18 C 3582 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| RUSSELL HEISNER[1], et al., | ) ) | |
| Defendants. | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Timothy Fredrickson, a pretrial detainee at the Mercer County Jail, brought this *pro se* civil rights action regarding a tuberculosis test performed while he was detained at the Metropolitan Correctional Center. Plaintiff is proceeding solely on his claim that conducting the tuberculosis test by injection versus an x-ray violated his rights under the Religious Freedom Restoration Act. Presently before the Court is Defendants' motion to dismiss or alternatively for summary judgment. As the Defendants' arguments rely on materials outside of the complaint, the motion is treated solely as a motion for summary judgment. For the reasons explained below, Defendants' motion for summary judgment is granted and the matter is dismissed without prejudice for failure to exhaust administrative remedies.

**I. FED. R. CIV. P. 56 and N.D. Ill. LOCAL RULE 56.1**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). The Court's role is "to determine

---

[1] Russell Heisner is the current warden and is automatically substituted as Defendant in place of former warden, A.M. Owens, pursuant to Fed. R. Civ. P. 25(d).

whether there is a genuine issue for trial." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). To establish that a material fact is undisputed, a party "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Rule 56(c)(1). Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the allegations of his complaint and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). The non-movant must show more than "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (citations omitted). When considering the summary judgment materials, the Court must "construe all facts and draw all reasonable inferences in favor of the nonmoving party." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Consistent with this Court's local rules, the Defendants filed Local Rule 56.1(a)(3) statements of undisputed facts with their summary judgment motion. Doc. 35. Defendants also provided Plaintiffs with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. Doc. 36.

The relevant factual assertions in the Defendants' Local Rule 56.1(a)(3) statements cite evidentiary material in the record and are supported by the cited material. N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.").

Plaintiff responded to Defendants' proposed statements of fact. Doc. 46; pgs. 1-4. However, Plaintiff failed to cite any evidentiary material in support of most of his denials of Defendants' proposed statements of fact. The opposing party is required to file a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. L.R. 56.1(b)(3)(B)).

Although substantive arguments by *pro se* plaintiffs should be interpreted generously, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have ... repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809 (7th Cir. 2005). Accordingly, the facts set forth in Defendants' Local Rule 56.1(a)(3) statements are deemed admitted to the extent they are supported by evidence in the record and not properly disputed by Plaintiff. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012).

In addition, Plaintiff submitted additional statements of fact in support of his opposition to Defendants' motion for summary judgment consistent with Local Rule 56.1(b)(3)(C). Doc. 46; pgs 4-7. However, Plaintiff failed to cite to evidentiary material in support of most of his additional

statements of fact. Only those additional statements of fact that are properly supported by evidentiary material will be considered. LR. 56. 1(b)(3)(C).

With these guidelines in mind, and in light of the need only to address whether Plaintiff exhausted his administrative remedies, the following facts are supported by the record and undisputed.

## II. FACTS

Plaintiff claims that receiving a tuberculosis (TB) test by "injection"[2] violates his religious beliefs. Doc. 35 at ¶2. In April 2016, while detained at the Metropolitan Correctional Center (MCC), Plaintiff informed a staff nurse and other correctional staff that his religion forbids injections of any kind and requested a TB test by x-ray as an alternative. *Id*. at ¶ 3. Plaintiff's request for an x-ray to test for TB was denied and he was soon thereafter tested via injection over his objections. Doc. 7, pg. 6.

The BOP's policy regarding TB screening states, in relevant part, that an inmate who refuses TB screening may be subject to an incident report for refusing to obey an order. *Id*. at ¶ 16. If an inmate refuses skin testing, and there is no contraindication to tuberculin skin testing, then institutional medical staff will test the inmate involuntarily. *Id*.

To exhaust administrative process, an inmate must ordinarily first attempt to informally resolve the dispute with institutional staff. *Id*. at ¶ 5. If informal efforts fail, the Federal Bureau of Prisons (BOP) has established a three-tiered system whereby a prisoner may seek formal review of any aspect of his imprisonment. *Id*. at ¶ 4. An inmate may initiate the formal administrative process

---

[2] By "injection," Plaintiff presumably refers to a TB skin test that involves the injection of tuberculin purified protein derivative, or "PPD," into the surface layer of the skin. See https://www.healthline.com/health/ppd-skin-test.

by raising his complaint to the warden of the institution in which he is confined within twenty calendar days of the date that the basis of the complaint occurred. *Id*. If the inmate is not satisfied with the warden's response, the inmate may file an appeal with the regional director within twenty calendar days of the date of the warden's response. *Id*. If the inmate is not satisfied with the regional director's response, the inmate may appeal that decision to the General Counsel of the BOP within thirty calendar days from the date of the regional director's response. *Id*. The administrative remedy process is not "exhausted" until an inmate's final appeal is denied by the BOP's Office of General Counsel. *Id*. at ¶ 6.

According to BOP records, Plaintiff attempted to file only one administrative grievance while in BOP custody, which the BOP entered into its tracking system as administrative remedy number 940642-F1. *Id*. at ¶ 17. The MCC Administrative Remedy Clerk received Plaintiff's Request for Administrative Remedy 940642-F1 (commonly known as a "BP-9") on May 16, 2018. *Id*. That same day, the warden's office rejected the grievance for multiple procedural reasons. *Id*. Plaintiff neither attempted to correct the problems that prompted the rejection of his BP-9 nor appealed the rejection of his BP-9 to the Regional Office. *Id*.

### III. DISCUSSION

Defendants raise several arguments in their motion, but only one is necessary to resolve the motion—namely, whether Plaintiff failed to exhaust administrative remedies before filing this federal lawsuit. Plaintiff, for his part, seems to concede that he did not complete the administrative process, arguing instead that the exhaustion requirement does not apply to him and that administrative remedies were not "available" to him.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust available administrative remedies before filing a federal lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that PLRA exhaustion requirement applies to *Bivens* actions). To exhaust administrative remedies, an inmate must grieve his complaint through "'all steps that the agency holds out," and he must "do[] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The PLRA does not, however, set forth the procedures an inmate must take to exhaust administrative remedies at a particular institution; rather, the procedures are established by each institution. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

The Seventh Circuit requires strict compliance with the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). An inmate "who does not properly take each step within the administrative process has failed to exhaust" administrative remedies and thus "is foreclosed by § 1997e(a) from litigating." *Pozo*, 286 F.3d at 1024. Because failure to exhaust is an affirmative defense, *see Jones*, 549 U.S. at 216, the burden is on the defendant to prove by a preponderance of the evidence that an administrative remedy was available to the plaintiff and that the plaintiff failed to exhaust that remedy, *Jones v. Dart*, No. 14 C 1929, 2016 WL 1555588, at *2 (N.D. Ill. Apr. 18, 2016) (collecting cases).

It is undisputed that Plaintiff attempted to address the issue of the TB test informally with institutional staff and that he subsequently submitted an administrative grievance—number 940642-F1. The MCC Administrative Remedy Clerk received Plaintiff's Request for Administrative Remedy 940642-F1 (commonly known as a "BP-9") on May 16, 2018. After the

warden's office rejected the grievance for multiple procedural reasons, however, Plaintiff abandoned the process. He did not attempt to cure the problems with his submission and then resubmit it, nor did he appeal the warden's rejection of the grievance to the Regional Office.

Plaintiff has submitted no evidence contrary to the foregoing. Instead, he asserts several "arguments" why the matter should still be allowed to proceed. Plaintiff first argues that the exhaustion requirement of the PLRA does not apply to his case because he is not complaining about the "conditions" of his "confinement." But "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Thus, the exhaustion requirement applies to Plaintiff's complaint.

Plaintiff also argues that his status as a pretrial detainee "render[ed] any and all penological justifications void as applied to Fredrickson." While the actual argument is not clear, an argument premised on a distinction between prisoners and pretrial detainees fails. One's status as a pretrial detainee does not obviate the need for, or purpose of, an administrative exhaustion requirement and for that reason the PLRA applies equally to pretrial detainees and prisoners. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015) ("the Prison Litigation Reform Act of 1995, . . . which is designed to deter the filing of frivolous litigation against prison officials, applies to both pretrial detainees and convicted prisoners").

Plaintiff further argues, without evidentiary support, that the use of administrative remedies were "foreclosed" because the administrative process "operates as a dead end"; the BOP is unable to provide all the relief he seeks; Defendants are unwilling "to provide the various relief that arguably may have been available"; the administrative remedy has been made "so opaque" as to be

7

"incapable of use"; and the MCC staff prohibited him from taking advantage of the grievance process "through machination" (using generic stock rejection language and hidden procedural pitfalls). Plaintiff's assertions, however, are insufficient to survive Defendants' motion absent evidence that he attempted to (and was prevented from) exhausting administrative remedies concerning his request that his TB test be administered by chest x-ray for religious reasons. Here, Plaintiff started the grievance process but failed to complete it and there is no evidence that anyone prevented him from doing so. Plaintiff also is mistaken that exhaustion may be excused merely because a prisoner believes he cannot obtain all the relief he seeks through the administrative process, *see Woodford*, 548 U.S. at 85 (explaining that the PLRA requires prisons to exhaust administrative remedies "even where the relief sought . . . cannot be granted by the administrative process"), or in cases where injunctive relief is no longer possible, *Booth v. Churner*, 532 U.S. 731, 739 (2001).

Plaintiff further argues that he should not be required to exhaust his administrative remedies because his claim raises "substantial constitutional questions" and citing *Iddir v. INS*, 301 F.3d 492 (7th Cir. 2002). However, the PLRA, removed any such judicial discretion. While courts may in some cases excuse a party's failure to exhaust administrative remedies, *see Iddir*, 301 F.3d at 498, the failure to exhaust prison grievance remedies is no longer one of them. In this context, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85. Courts must strictly apply the doctrine when an agency's regulations or enabling statute require exhaustion as a prerequisite to judicial review as does the PLRA. *See Woodford*, 548 U.S. at 84-85; *Gonzalez v. O'Connell*, 355 F.3d 1001, 1016, n.5 (7th Cir. 2004).

Finally, and without citation to any authority, Plaintiff argues that the exhaustion requirement of the PLRA violates the Petition Clause of the First Amendment. Contrary to Plaintiff's argument, he still has the ability to petition (file suit) the court for redress; the PLRA merely puts in place a requirement that he exhaust his administrative remedies before doing so. *See El-Amin v. United States*, No. CV 1:18-00282, 2018 WL 5993582, at *4 (S.D.W. Va. July 31, 2018), report and recommendation adopted, No. CV 1:18-00282, 2018 WL 5985685 (S.D.W. Va. Nov. 14, 2018) (rejecting plaintiff's argument that his First Amendment right to petition for redress allows him to initiate a civil action without exhausting his administrative remedies pursuant to the PLRA); *Wagner v. United States*, 486 F. Supp. 2d 549, 556 (D.S.C. 2007) (rejecting plaintiff's argument that the PLRA's exhaustion requirement violated his right to petition the government for redress); *Harris v. Hall*, No. CV506-068, 2007 WL 2986405, at *1 (S.D. Ga. Oct. 9, 2007) (exhaustion requirement of PLRA does not prohibit plaintiff from petitioning the court to redress his grievances – it merely puts in place a condition precedent to filing suit); *see also Nicholas v. Tucker*, 114 F.3d 17, 21 (2nd Cir. 1997) (PLRA filing fee requirements did not prevent prisoner from seeing redress in the courts); *Bowman v. Niagara Mach. & Tool Works, Inc.*, 832 F.2d 1052, 1054 (7th Cir. 1987) (fining state statute that restricted cause of action did not prevent plaintiff from access to the courts – the Constitution requires "access" to court, not "success").

Based on the foregoing, the Court finds that Defendants have proven by a preponderance of the evidence that administrative remedies were available to Plaintiff and that he did not fully exhaust them with respect to the claim in his complaint. Plaintiff presented no evidence or circumstances that would excuse his failure to exhaust. Plaintiff's complaint therefore is dismissed without prejudice for failure to exhaust. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)

("[A]ll dismissals under § 1997e(a) should be without prejudice."). Because the Court dismisses the complaint for failure to exhaust, the Court does not reach arguments presented by Defendants that address the merits of Plaintiff's claim. *See Perez*, 182 F.3d at 535 (explaining that district court may not resolve claims on merits before prisoner has exhausted administrative remedies).

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss or, alternatively, for summary judgment [33] is granted. The complaint is dismissed without prejudice. This case is closed.

DATE: <u>February 27, 2019</u>     ENTER: _____
John J. Tharp, Jr.
United States District Judge